James A. Italia (SBN 212,815)
ITALIA IP
Counsel for Plaintiff
3500 West Olive Ave., Suite 300
Burbank, CA  91505
Telephone: (818) 973-2720
Fax:   (818) 973-2702

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 152310 Canada Limitee, a company incorporated in the country of Canada in the Province of Quebec, DBA AS Hanging Display Systems,<br>            Plaintiff,<br>    vs.<br>HTM LIGHTING, LLC, a company incorporated in the state of Florida, LAURE MERMINOD, an individual, JEAN PHILLIPE MERMINOD, an individual,<br>            Defendants | Case No.: 2:15-cv-08763<br><br>COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, 152310 Canada Limitee, a federal corporation in Quebec, Canada, (hereinafter "Plaintiff"), for its complaint against Defendants Laure A. Merminod (hereinafter "Ms. Merminod"), Jean Phillipe Merminod (hereinafter "Mr. Merminod"), HTM LIGHTING, LLC, doing business as "mbs-hanging-systems.com" or "mbs-standoffs.com" (hereinafter collectively referred to as "Defendants") alleges as follows:

# 1. THE PARTIES

1. Plaintiff, also known as 152310 Canada, is a federal corporation of Canada, having an address of 3600 Matte Blvd., Unit L, Brossard QC J4Y 2Z2.

2. On information and belief, Plaintiff owns and operates "ashanging.com," which is an e-commerce website.

3. On information and belief, Defendants Mr. and Ms. Merminod own and operate HTM Lighting, LLC, a corporation of Florida, having a business address of 6420 Benjamin Road, Tampa, FL 33634.

4. On information and belief, Defendants occasionally do business under its corporate name.

5. On information and belief, Defendants are also doing business under the names and/or domain names "mbs-hanging-systems.com" and "mbs-standoffs.com."

6. On information and belief, Defendants Mr. and Ms. Merminod are individuals having an address at 4709 Rue Bordeaux, Lutz, Florida 33558.

## JURISDICTION AND VENUE

7. This civil action arises under the design patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq*., and more particularly 35 U.S.C. §§ 271, 281, 283, 284, 285, 289, and 28 U.S.C. §§ 1331 and 1338; the federal unfair competition laws of the United States, 15 U.S.C. § 1125(a); under California's Business and Professions Code §§ 17200, 17500 et seq.; and under California's Consumers Legal Remedies Act set forth in Cal. Civ. Code § 17500. Further, Defendants regularly do business or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from products and/or services provided to individuals in this District and in this State.

8. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims alleged in this

action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

## FACTUAL BACKGROUND

9. Since 1964, Plaintiff has been designing, manufacturing, and distributing high-end picture hanging systems, art display systems, and hanging rails that are of superior quality and design when compared to conventional hanging and display solutions.

10. As a reflection of its innovation, the company has been diligent and successful in procuring numerous issued and enforceable United States design patents with the United States Patent and Trademark Office on its broad range of products.  In addition, Plaintiff has supplied products and hardware for over 30,000 installations for a wide variety of institutions, including but not limited to: K-12 schools, colleges and universities, hospitals, libraries, civic and commercial buildings, museums, and private residences.

11. In its half century of being in business, Plaintiff has secured its position as a frontrunner in the high-end hanging display industry, as a result, Plaintiff's impressive list of clients include: Apple, Bellagio Las Vegas, Century 21, Volkswagen, The University of Chicago, Sotheby's, BMW, Mattel, Best Western, North Carolina Museum of Natural Sciences, and many other high-end national retailers and establishments.  Plaintiff has invested hundreds of thousands of dollars annually in research and development focused on creating the future of hanging and display solutions.

12. AS Hanging is a corporation of Delaware, having a business address of 8396 State Route 9, West Chazy, NY 12992 and is the exclusive distributor of Plaintiff's products in the United States.

13. Plaintiff is intent and diligent in protecting its valuable intellectual property and has obtained numerous issued Design Patents and Trademark Registrations.  Four such Design Patents are at issue in this litigation.

14. Plaintiff filed Design Patent Application No. 29/326,793, on October, 24, 2008, entitled "HOOK."  On September 15, 2009, the United States Patent and Trademark Office issued United States Design Patent No. D600,100 (the "'100 Patent") which claims the ornamental design embodied in the HOOK.

15. A true and correct copy of the '100 Patent is attached hereto as Exhibit A and is incorporated herein by reference.

16. Plaintiff sells a product titled, "Heavy-Classic Hook" which is the commercial embodiment of the '100 Patent through its website at "ashanging.com."

17. Plaintiff filed Design Patent Application No. 29/356,951, on March 4, 2010, entitled "HOOK."  On December 21, 2010, the United States Patent and Trademark Office issued United States Design Patent No. D629,291 (the "'291 Patent") which claims the ornamental design embodied in the HOOK.

18. A true and correct copy of the '291 Patent is attached hereto as Exhibit B and is incorporated herein by reference.

19. Plaintiff sells a product, titled, "J-End Cable" which is the commercial embodiment of the '291 Patent through its website at "ashanging.com."

20. Plaintiff filed Design Patent Application No. 29/443,828, on January 23, 2013, entitled "SLOTTED MINI-HOOK."  On February 18, 2014, the United States Patent and Trademark Office issued United States Design Patent No. D699,548 (the "'548 Patent") which claims the ornamental design embodied in the SLOTTED MINI-HOOK.

21. A true and correct copy of the '548 Patent is attached hereto as Exhibit C and is incorporated herein by reference.

22. Plaintiff sells a product, titled, "Mini Hook" which is the commercial embodiment of the '548 Patent through its website at "ashanging.com."

23. Plaintiff filed Design Patent Application No. 29/337,966, on June 2, 2009, entitled "SWIVEL HOOK."  On October 20, 2009, the United States Patent and

Trademark Office issued United States Design Patent No. D602,345 (the "'345 Patent") which claims the ornamental design embodied in the SWIVEL HOOK.

24. A true and correct copy of the '345 Patent is attached hereto as Exhibit D and is incorporated herein by reference.

25. Plaintiff sells a product, titled, "Mini Hook" which is the commercial embodiment of the '345 Patent through its website at "ashanging.com."

26. On information and belief, Defendants are a retail distributor of a variety of consumer hanging and display apparatuses. As will be demonstrated below, Defendants took a shortcut by blatantly and slavishly copying the innovative hanging and display apparatuses designed by Plaintiff, rather than building their own products and services based on new proprietary technology, and thus failed to provide legitimate competition to Plaintiff.

27. Defendants' actions have caused harm to Plaintiff, as alleged below, by manufacturing, selling and offering for sale Plaintiff's patented products on their websites at "mbs-hanging-systems.com" and/or "mbs-standoffs.com."

28. On information and belief, Defendants have since at least as early as September 2, 2015, offered to sell a product, titled, "Safe Hook for Rod" that is substantially identical in external, functional, and nonfunctional appearance to Plaintiff's '100 Patent as shown in Exhibit A, attached hereto, to the public at "mbs-hanging-systems.com" and/or "mbs-standoffs.com." Exhibit E is a true and accurate copy of a website printout from Defendants' website showing the "Safe Hook for Rod" product offered for sale by and distributed by Defendants.

29. On information and belief, Defendants have, since at least as early as September 2, 2015, offered to sell a product, titled, "Clear Nylon Cable, J End" or "Stainless Steel Cable, J End" that is substantially identical in external, functional, and nonfunctional appearance to Plaintiff's '291 Patent as shown in Exhibit B, attached hereto, to the public at "mbs-hanging-systems.com" and/or "mbs-standoffs.com." Exhibit F is a true and

accurate copy of a website printout from Defendants' website showing the "Clear Nylon Cable, J End" product offered for sale by and distributed by Defendants.

30. On information and belief, Defendants have since at least as early as September 2, 2015, offered to sell a product, titled, "Mini Hook with Side Screw" that is substantially identical in external, functional, and nonfunctional appearance to Plaintiff's '548 Patent as shown in Exhibit C, attached hereto, to the public at "mbs-hanging-systems.com" and/or "mbs-standoffs.com." Exhibit G is a true and accurate copy of a website printout from Defendants' website showing the "Mini Hook with Side Screw" product offered for sale by and distributed by Defendants.

31. On information and belief, Defendants have since at least as early as September 2, 2015, offered to sell a product, titled, "Mini Hook with Side Screw" that is substantially identical in external, functional, and nonfunctional appearance to Plaintiff's '345 Patent as shown in Exhibit D, attached hereto, to the public at "mbs-hanging-systems.com" and/or "mbs-standoffs.com." Exhibit G is a true and accurate copy of a website printout from Defendants' website showing the "Mini Hook with Side Screw" product offered for sale by and distributed by Defendants.

32. On information and belief, Defendants have been engaged in the retail sale of products, titled, "Safe Hook for Rod," "Clear Nylon Cable, J End," "Stainless Steel Cable, J End," and "Mini Hook with Side Screw" that are substantially identical in external, functional, and nonfunctional appearance, respectively, to Plaintiff's '100, '291, '548, and '345 Patents shown in Exhibits A, B, C, and D, respectively, attached hereto, in this Judicial District and are still selling such products. As a result, Defendants' actions have harmed and will continue to harm Plaintiff.

33. On information and belief, Defendants have registered the domain "mbs-hanging-systems.com" in April 2014 to mimic and emulate both the look and feel of Plaintiff's website at "www.ashanging.com." To that end, Defendants have gone so far as to copy Plaintiff's marketing and advertising materials, including copying both the look

and feel of Plaintiff's website and using Plaintiff's product photographs on their own websites.  Defendants have and will continue to use Plaintiff's digital photographs to advertise competing products on their own websites at "mbs-hanging-systems.com" and/or "mbs-standoffs.com."  As a result of Defendants' unlawful conduct, Plaintiff will continue to suffer damage.

34. On information and belief, Defendants intend to continue its unlawful infringing activity, and Plaintiff continues to and will continue to suffer irreparable harm -- for which there is no adequate remedy at law -- from such unlawful infringing activities unless this Court enjoins Defendants from further infringing activities.

## **CLAIM FOR RELIEF, COUNT 1**

<u>Design Patent Infringement</u>

[Infringement of the '100 Patent]

35. Plaintiff repeats and realleges each and every allegation of paragraphs 1 – 34 as if recited herein.

36. Alain Moncade (hereinafter "Mr. Moncade") is the first named inventor of the '100 Patent.  A true and accurate copy of said patent is attached hereto as Exhibit A.  Plaintiff is the exclusive assignee of Mr. Moncade's rights under the '100 Patent including the exclusive right to enforce said patent in a civil action.

37. Exhibit H is a true and correct copy of the executed assignment of the '100 Patent from Mr. Moncade to Plaintiff recorded in the United States and Patent Trademark Office.

38. Plaintiff's products and/or packaging and/or website and/or catalog have been marked with the term "Patented under patent number D600,100" substantially at all times since the issuance of the '100 Patent on September 15, 2009.  At no time since the issuance of said patent has Plaintiff marketed and/or distributed its "Heavy-Classic Hook" without the appropriate patent number.

39. Exhibit I is a true and accurate copy of a website printout showing Plaintiff's "Heavy-Classic Hook" protected by the '100 Patent offered for sale by and distributed by Plaintiff at "www.ashanging.com," wherein the website clearly illustrates "Patented under patent number D600,100."

40. Discovery is likely to show that Defendants have directly infringed and induced the infringement by others of the '100 Patent by importing and offering to sell to and selling to others in and outside the United States, the "Safe Rod for Hook" as shown in Exhibit E prior to the expiration of the '100 Patent (the '100 Patent is valid and enforceable until September 15, 2023).  Defendants' "Safe Hook for Rod" shown in Exhibit E literally infringes the '100 Patent and is legally equivalent to the designs claimed in the '100 Patent.  Defendants' "Safe Hook for Rod" is likely technically inferior to Plaintiff's patented "Heavy-Classic Hook" and sells at a retail price point significantly below Plaintiff's retail price, thus disparaging Plaintiff's technology, innovation, and pricing structure.

41. The above-described conduct constitutes infringement of the '100 Patent.

42. Defendants' aforesaid acts are without the prior knowledge, consent, or permission of Plaintiff.

43. Plaintiff has been and will continue to be damaged by Defendants' infringement of the '100 Patent.

44. Plaintiff is entitled to and therefore demands damages, costs, and attorney's fees as allowable under 35 U.S.C. §§ 284, 285, and 289, including a trebling of any award.

45. This is an exceptional case for purpose of awarding monetary damages, costs, and attorney's fees.

46. Plaintiff is further entitled to damages in an as yet undetermined amount.

**CLAIM FOR RELIEF, COUNT 2**

Design Patent Infringement

[Infringement of the '291 Patent]

47. Plaintiff repeats and realleges each and every allegation of paragraphs 1 – 46 as if recited herein.

48. David Veilleux (hereinafter "Mr. Veilleux") the first named inventor of the '291 Patent. A true and accurate copy of said patent is attached hereto as Exhibit B. Plaintiff is the exclusive assignee of Mr. Veilleux's rights under the '291 Patent including the exclusive right to enforce said patent in a civil action.

49. Exhibit J is a true and correct copy of the executed assignment of the '291 Patent from Mr. Veilleux to Plaintiff recorded in the United States and Patent Trademark Office.

50. Plaintiff's products and/or packaging and/or website and/or catalog have been marked with the term "Patented under patent number D629,291" substantially at all times since the issuance of the '291 Patent on December 21, 2010. At no time since the issuance of said patent has Plaintiff marketed and/or distributed its "J-End Cable" without the appropriate patent number.

51. Exhibit K is a true and accurate copy of a website printout showing Plaintiff's "J-End Cable" protected by the '291 Patent offered for sale by and distributed by Plaintiff at "www.ashanging.com," wherein the website clearly illustrates "Patented under patent number D629,291."

52. Discovery is likely to show that Defendants have directly infringed and induced the infringement by others of the '291 Patent by importing and offering to sell to and selling to others in and outside the United States, the "Clear Nylon Cable, J End" and "Stainless Steel Cable, J End" as shown in Exhibit F prior to the expiration of the '291 Patent (the '291 Patent is valid and enforceable until December 21, 2024). Defendants' "Clear Nylon Cable, J End" and "Stainless Steel Cable, J End" as shown in Exhibit F literally infringes the '291 Patent and is legally equivalent to the designs claimed in the '291 Patent. Defendants' "Clear Nylon Cable, J End" and "Stainless Steel Cable, J End" are likely technically inferior to Plaintiff's patented "J-End Cable" and sells at a retail

price point significantly below Plaintiff's retail price, thus disparaging Plaintiff's technology, innovation, and pricing structure.

53. The above-described conduct constitutes infringement of the '291 Patent.

54. Defendants' aforesaid acts are without the prior knowledge, consent, or permission of Plaintiff.

55. Plaintiff has been and will continue to be damaged by Defendants' infringement of the '291 Patent.

56. Plaintiff is entitled to and therefore demands damages, costs, and attorney's fees as allowable under 35 U.S.C. §§ 284, 285, and 289, including a trebling of any award.

57. This is an exceptional case for purpose of awarding monetary damages, costs, and attorney's fees.

58. Plaintiff is further entitled to damages in an as yet undetermined amount.

## CLAIM FOR RELIEF, COUNT 3

Design Patent Infringement

[Infringement of the '548 Patent]

59. Plaintiff repeats and realleges each and every allegation of paragraphs 1 – 58 as if recited herein.

60. Mr. Veilleux is the first named inventor of the '548 Patent. A true and accurate copy of said patent is attached hereto as Exhibit C. Plaintiff is the exclusive assignee of Mr. Veilleux's rights under the '548 Patent including the exclusive right to enforce said patent in a civil action.

61. Exhibit L is a true and correct copy of the executed assignment of the '548 Patent from Mr. Veilleux to Plaintiff recorded in the United States and Patent Trademark Office.

62. Plaintiff's products and/or packaging and/or website and/or catalog have been marked with the terms "Patented under patent numbers D699,548 and D602,345" substantially at all times since the issuance of the '548 Patent on February 18, 2014. At no

time since the issuance of said patent has Plaintiff marketed and/or distributed its "Mini Hook" without the appropriate patent number.

63. Exhibit M is a true and accurate copy of a website printout showing Plaintiff's "Mini Hook" protected by the '548 Patent offered for sale by and distributed by Plaintiff at "www.ashanging.com," wherein the website clearly illustrates "Patented under patent numbers D699,548 and D602,345."

64. Discovery is likely to show that Defendants have directly infringed and induced the infringement by others of the '548 Patent by importing and offering to sell to and selling to others in and outside the United States, the "Mini Hook with Side Screw" as shown in Exhibit G prior to the expiration of the '548 Patent (the '548 Patent is valid and enforceable until February 18, 2028). Defendants' "Mini Hook with Side Screw" shown in Exhibit G literally infringes the '548 Patent and is legally equivalent to the designs claimed in the '548 Patent. Defendants' "Mini Hook with Side Screw" is likely technically inferior to Plaintiff's patented "Mini Hook" and sells at a retail price point significantly below Plaintiff's retail price, thus disparaging Plaintiff's technology, innovation, and pricing structure.

65. The above-described conduct constitutes infringement of the '548 Patent.

66. Defendants' aforesaid acts are without the prior knowledge, consent, or permission of Plaintiff.

67. Plaintiff has been and will continue to be damaged by Defendants' infringement of the '548 Patent.

68. Plaintiff is entitled to and therefore demands damages, costs, and attorney's fees as allowable under 35 U.S.C. §§ 284, 285, and 289, including a trebling of any award.

69. This is an exceptional case for purpose of awarding monetary damages, costs, and attorney's fees.

70. Plaintiff is further entitled to damages in an as yet undetermined amount

## CLAIM FOR RELIEF, COUNT 4

<u>Design Patent Infringement</u>

[Infringement of the '345 Patent]

71. Plaintiff repeats and realleges each and every allegation of paragraphs 1 – 70 as if recited herein.

72. Mr. Veilleux is the first named inventor of the '345 Patent. A true and accurate copy of said patent is attached hereto as Exhibit D. Plaintiff is the exclusive assignee of Mr. Veilleux's rights under the '345 Patent including the exclusive right to enforce said patent in a civil action.

73. Exhibit N is a true and correct copy of the executed assignment of the '345 Patent from Mr. Veilleux and Mr. Moncade to Plaintiff recorded in the United States and Patent Trademark Office.

74. Plaintiff's products and/or packaging and/or website and/or catalog have been marked with the terms "Patented under patent numbers D699,548 and D602,345" substantially at all times since the issuance of the '345 Patent on October 20, 2009. At no time since the issuance of said patent has Plaintiff marketed and/or distributed its "Mini Hook" without the appropriate patent number.

75. Exhibit M is a true and accurate copy of a website printout showing Plaintiff's "Mini Hook" protected by the '345 Patent offered for sale by and distributed by Plaintiff at "www.ashanging.com," wherein the website clearly illustrates "Patented under patent numbers D699,548 and D602,345."

76. Discovery is likely to show that Defendants have directly infringed and induced the infringement by others of the '345 Patent by importing and offering to sell to and selling to others in and outside the United States, the "Mini Hook with Side Screw" as shown in Exhibit G prior to the expiration of the '345 Patent (the '345 Patent is valid and enforceable until October 20, 2023). Defendants' "Mini Hook with Side Screw" shown in Exhibit G literally infringes the '345 Patent and is legally equivalent to the designs

claimed in the '345 Patent. Defendants' "Mini Hook with Side Screw" is likely technically inferior to Plaintiff's patented "Mini Hook" and sells at a retail price point significantly below Plaintiff's retail price, thus disparaging Plaintiff's technology, innovation, and pricing structure.

77. The above-described conduct constitutes infringement of the '345 Patent.

78. Defendants' aforesaid acts are without the prior knowledge, consent, or permission of Plaintiff.

79. Plaintiff has been and will continue to be damaged by Defendants' infringement of the '345 Patent.

80. Plaintiff is entitled to and therefore demands damages, costs, and attorney's fees as allowable under 35 U.S.C. §§ 284, 285, and 289, including a trebling of any award.

81. This is an exceptional case for purpose of awarding monetary damages, costs, and attorney's fees.

82. Plaintiff is further entitled to damages in an as yet undetermined amount.

**CLAIM FOR RELIEF, COUNT 5**

<u>Violation of Consumer Protection Act</u>

83. Plaintiff repeats and realleges each and every allegation of paragraphs 1 - 82 as if recited herein.

84. Plaintiff has invested and continues to invest considerable resources developing its product line and marketing that line to consumers. A portion of the resources are used to develop the look and feel of Plaintiff's website and the photography used on the website to promote Plaintiff's products.

85. Defendants have recognized and will continue to recognize Plaintiff's success, innovation, and goodwill in the high-end hanging display industry, and in a brazen and improper effort to capitalize on Plaintiff's hard-earned success, Defendants have created their websites ("mbs-hanging-systems.com" and "mbs-standoffs.com") to copy both the

look and feel of Plaintiff's website.  In this regard, Defendants deliberately and intentionally copied Plaintiff's website with respect to naming conventions of products, color scheme, layout and arrangement, and visual presentation in a ploy to confuse consumers and rob the goodwill of Plaintiff.

86. Defendants have willfully bypassed good faith efforts to provide legitimate competition to Plaintiff by copying Plaintiff's recipe for success.  Moreover, Defendants have blatantly and deliberately copied Plaintiff's product line as a blueprint for their own product line.

87. In addition, Plaintiff was granted the exclusive right from a conveying third party to market and distribute in the United States a line of products marketed under the "Click Rail System" name.  Plaintiff has had this exclusive right continuously for over 15 years.

88. Exhibit O is a true and accurate copy of website printouts showing Plaintiff's Click Rail System, and its components, offered for sale by and distributed by Plaintiff's website at "www.ashanging.com."

89. Defendants willfully, and without the prior knowledge or consent of the Plaintiff have blatantly copied the Click Rail System name and offered competing products for sale since at least as early as September 2, 2015.

90. Exhibit P is a true and accurate copy of website printouts showing Defendants' use of Plaintiff's Click Rail System.  In fact, Defendants' Click Rail System, offered for sale by and distributed by Defendants at "mbs-hanging-systems.com" and/or "mbs-standoffs.com," is virtually identical to Plaintiff's Click Rail System in name, structure, and design.

91. Further, Defendants have willfully, and without the prior knowledge or consent of the Plaintiff, unlawfully copied digital images from Plaintiff's website at least as early as September 2, 2015.  Exhibit Q is a true and accurate copy of website printouts illustrating Plaintiff's website next to Defendants' website in a side-by-side comparison.

Notably, the images, color scheme, layout and arrangement of the websites, visual presentation of the websites, and domain names are confusingly similar.

92. The above described acts of Defendants, constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of California's Business and Professions Code §§ 17200, 17500 *et seq*.  As a result, Defendants' actions have violated the foregoing statutes and thereby injured Plaintiff in its business and property.

93. Defendants aforesaid acts have been knowing, willful and without Plaintiff's permission and have been intended to trade on Plaintiff's goodwill in the State of California.

**CLAIM FOR RELIEF, COUNT6**

Federal Unfair Competition

94. Plaintiff repeats and realleges each and every allegation of paragraphs 1 – 93 as if recited herein.

95. Defendants' aforesaid products identified in Exhibits E, F, and G are a false designation of origin, which is likely to confuse the public into believing that there is an affiliation, connection, or association between the source of the Defendants' aforesaid products, and the source of Plaintiff's products protected by the '100, '291, '548, and '345 Patents as shown in Exhibit A, B, C, and D respectively.

96. Plaintiff is likely to be damaged by such confusion as to affiliate, connection, or association of the type described.

97. The Defendants' aforesaid acts have been knowing, willful and without Plaintiff's prior knowledge or consent and are therefore a violation of the Plaintiff's rights under 15 U.S.C § 1125(a).

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants as follows:

A.  Entering an Order preliminarily and permanently enjoining Defendants, its officers, directors, employees, agents, affiliates, subsidiaries, parents, successors, representatives, and all persons acting or claiming to act on behalf of Defendants or under Defendants' direction, from directly or contributorily, or inducing infringement of Plaintiff's '100, '291, '548, and '345 Patents:

(1) Defendants to cease selling or offering for sale in the United States its infringing "Safe Hook for Rod," "Clear Nylon Cable, J End," "Stainless Steel Cable, J End," and "Mini Hook with Side Screw" products;

(2) Defendants to cease manufacturing its infringing "Safe Hook for Rod," "Clear Nylon Cable, J End," "Stainless Steel Cable, J End," and "Mini Hook with Side Screw" products in the United States for sale both inside and outside the United States;

(3) Defendants to recall all infringing products with respect to the "Safe Hook for Rod," "Clear Nylon Cable, J End," "Stainless Steel Cable, J End," and "Mini Hook with Side Screw" products from all distributors, dealers, retailers to whom it delivered the aforesaid products to in and outside the United States and for said products to be destroyed;

(4) Defendants to disclose the full identity, in writing, of any such manufacturer and/or importer from whom Defendants have purchased any of the accused products;

(5) Defendants to file and serve a report in writing under oath setting forth, in detail, the manner and form in which the Defendants have complied with the injunction;

   (6) Defendants to turn over to Plaintiff all molds, shop drawings, technical drawings, production tooling, and dies utilized in the manufacturing of the infringing products, namely, the "Safe Hook for Rod," "Clear Nylon Cable, J End," "Stainless Steel Cable, J End," and "Mini Hook with Side Screw" products.

 B. Entering a judgment in favor of Plaintiff and against Defendants on Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Claim for Relief for damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but in no event less than a reasonable royalty for infringement of the '100, '291, '548, and '345 Patents;

 C. Entering a judgment in favor of Plaintiff and against Defendants for treble damages pursuant to 35 U.S.C. § 284 for Defendants' willful and deliberate patent infringement;

 D. Entering a judgment in favor of Plaintiff and against Defendants that this case is an exceptional case and that the Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285; and,

 E. Awarding Plaintiff such other and further relief as the Court deems just and equitable.

Respectfully submitted,

James A. Italia
ITALIA IP
Counsel for Plaintiff, 152310 Canada Limitee
3500 West Olive Ave., Suite 300
Burbank, CA  91505
Telephone: (818) 973-2720
Fax:   (818) 973-2702

Dated: Tuesday, November 10, 2015

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

> James A. Italia
> ITALIA IP
> Counsel for Plaintiff, 152310 Canada Limitee
> 3500 West Olive Ave., Suite 300
> Burbank, CA  91505
> Telephone: (818) 973-2720
> Fax:   (818) 973-2702

---

Dated: Tuesday, November 10, 2015